SC

**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Dean Davis, | No. CV 09-0649-PHX-DGC (MEA) |
| Plaintiff, | **ORDER** |
| vs. | |
| Charles L. Ryan, et al., | |
| Defendants. | |

Plaintiff Michael Dean Davis, who is confined in the Arizona State Prison Complex-Eyman, in Florence, Arizona, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*.  (Doc.# 1, 3.)[1]  The Court will dismiss the Complaint with leave to amend.

## I.    Application to Proceed *In Forma Pauperis* and Filing Fee

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted.  28 U.S.C. § 1915(a).  Plaintiff must pay the statutory filing fee of $350.00.  28 U.S.C. § 1915(b)(1). The Court will not assess an initial partial filing fee.  28 U.S.C. § 1915(b)(1).  The statutory fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00.  28 U.S.C. § 1915(b)(2).  The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

/    /    /

---

[1]  "Doc.#" refers to the docket number of filings in this case.

JDDL-K

1

## II.     Statutory Screening of Prisoner Complaints

2          The Court is required to screen complaints brought by prisoners seeking relief against

3  a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C.

4  § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised

5  claims that are legally frivolous or malicious, that fail to state a claim upon which relief may

6  be granted, or that seek monetary relief from a defendant who is immune from such relief.

7  28 U.S.C. § 1915A(b)(1), (2).  If the Court determines that a pleading could be cured by the

8  allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint

9  before dismissal of the action.  See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000)

10  (*en banc*).

11          The Court should not, however, advise the litigant how to cure the defects.  This type

12  of advice "would undermine district judges' role as impartial decisionmakers."  Pliler v.

13  Ford, 542 U.S. 225, 231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide

14  whether the court was required to inform a litigant of deficiencies).  Plaintiff's Complaint

15  will be dismissed for failure to state a claim with leave to amend because the Complaint may

16  possibly be saved by amendment.

17  **III.    Complaint**

18          Plaintiff alleges three counts for relief for alleged breaches of a settlement agreement

19  in a previous case filed by Plaintiff, Davis v. Miser, CV 08-0679-PHX-DGC (MEA).

20  Plaintiff sues the following employees of the Arizona Department of Corrections (ADC):

21  Director Charles L. Ryan; Captain Rowland; Sergeant Campagna; and Deputy Warden

22  Jeffrey Freeland.  Plaintiff seeks injunctive and compensatory relief.

23  **IV.    Failure to State a Claim Under § 1983**

24          Plaintiff brings this action pursuant to 42 U.S.C. § 1983.  Section 1983 provides a

25  cause of action against persons acting under color of state law who have violated rights

26  guaranteed by the United States Constitution and federal law.  42 U.S.C. § 1983; see also

27  Buckley v. City of Redding, 66 F.3d 188, 190 (9th Cir. 1995).  To state a claim under § 1983,

28  a plaintiff must allege facts supporting that (1) the conduct about which he complains was

JDDL-K                                                                                               - 2 -

committed by a person acting under the color of state law and (2) the conduct deprived him of a federal constitutional or statutory right. <u>Wood v. Ostrander</u>, 879 F.2d 583, 587 (9th Cir. 1989). In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant. <u>Rizzo v. Goode</u>, 423 U.S. 362, 371-72, 377 (1976). To state a claim under § 1983, a plaintiff must not only allege a violation of his constitutional rights, but he must allege that a "defendant's actions were taken under color of state law." <u>Gritchen v. Collier</u>, 254 F.3d 807, 812 (9th Cir. 2001) (citing <u>Flagg Bros., Inc. v. Brooks</u>, 436 U.S. 149, 155-56 (1978)).

### A.     Failure to Allege a Federal Constitutional or Statutory Violation

In this case, Plaintiff sues for alleged breaches of a settlement agreement in his previous case, CV 08-0679. In CV 08-0679, Plaintiff's only claim was that Chaplain Miser had denied Plaintiff a vegetarian diet required by his Seventh Day Adventist religion. (<u>See</u> doc.# 6 at 3, CV 08-0679-PHX-DGC.) A settlement conference was conducted by Magistrate Judge Duncan on January 7, 2009, and the essential terms of the settlement were set forth on the record. (Doc.# 26, CV 08-0679-PHX-DGC.) Under the terms of the settlement, the State on behalf of the defendant agreed to pay a sum in return for release of Plaintiff's claims *with prejudice*. Plaintiff expressly acknowledged on the record that he understood that he could not seek relief for religious diet issues arising prior to January 7, 2009. On January 16, 2009, the parties filed a stipulation for dismissal with prejudice, which was granted on January 20, 2009. (Doc.# 27, 28, CV 08-0679-PHX-DGC.)

In Count I of the current Complaint, Plaintiff alleges that Ryan as Director and Freeland as Deputy Warden have failed to comply with state law and to ensure compliance with the "laws, statues [sic], constitutions, etc. [sic]" by allowing their officers and staff to breach the settlement agreement. In Count II, Plaintiff alleges Captain Rowland is in charge of all food-related matters and is familiar with the terms of the settlement agreement. Plaintiff asserts that Rowland is aware of unidentified problems with the food, but has failed to correct these problems. Plaintiff alleges that Sergeant Campagna is a kitchen supervisor,

1   who is responsible for ensuring portions consistent with the diet menu, but is "failing in this
2   area" especially as to medical and religious diets.  In Count III, Plaintiff asserts that based
3   on the described acts of the Defendants, ADC is failing to comply with the terms of the
4   settlement agreement by failing to provide what is on the menu and in proper portions.

5       As an initial matter, the settlement agreement in CV 08-0679 only provided for the
6   payment of a sum by the defendant in return for a release of Plaintiff's claim.  No other relief
7   was included in the settlement agreement and Plaintiff fails to allege facts to support that the
8   defendant in the earlier case did not pay the agreed sum.

9       Moreover, even if Plaintiff had alleged facts to support that the defendant in CV 08-
10  0679 had breached the settlement agreement, failure to comply with the terms of a private
11  settlement agreement, absent more, is not enforceable in federal court.  18 U.S.C. § 3626(c);
12  see O'Connor v. Colvin, 70 F.3d 530, 532 (9th Cir. 1995); cf. Rushdan v. Perbula, No.
13  07-15244, 2008 WL 4430669 (9th Cir. Sept. 8, 2008).  Section 3626(a) of title 18 imposes
14  limits on prospective relief in any civil action with respect to prison conditions.  Section
15  3626(c)(2)(A) provides that parties may enter into a "private settlement agreement"[2] that
16  does not comply with the limitations on prospective relief stated in § 3626(a), so long as the
17  terms of such agreement are not subject to court enforcement, other than reinstatement of the
18  civil proceeding.  Section 3626(c)(2)(B) further provides that a party claiming a breach of
19  a private settlement agreement is *not* precluded from seeking any remedy available under
20  *state* law in *state* court.

21      The settlement agreement reached in CV 08-0679-PHX-DGC constituted a "private
22  settlement agreement."  It was an agreement reached by the parties and did not provide for
23  court enforcement or prospective relief.  Under the terms of the agreement, Plaintiff
24  expressly agreed to dismissal of his claim with prejudice in return for the payment of a sum.
25  To the extent that Plaintiff asserts a breach of that settlement agreement, his remedy is in

26

27      [2] A "private settlement agreement" is defined as "an agreement entered into among
28  the parties that is not subject to judicial enforcement other than the reinstatement of the civil
    proceeding that the agreement settled."  18 U.S.C. § 3626(g)(6).

JDDL-K                                        - 4 -

1    state court under state law, not federal court.  See Klein v. Crawford, No. , 2007 WL 782170

2    at *8 (D. Nev. March 12, 2007) ("Violation of a settlement agreement is a breach of contract,

3    not a constitutional violation.").  Plaintiff accordingly fails to state a claim under § 1983 in

4    his Complaint.

5                    **B.      Failure to Connect Defendants to Any Constitutional Violation**

6                   Although each of the Defendants may properly be sued for constitutional violations,

7    Plaintiff fails to state a claim against any of them.  "A plaintiff must allege facts, not simply

8    conclusions, that show that an individual was personally involved in the deprivation of his

9    civil rights." Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).  For an individual

10   to be liable in his official capacity, a plaintiff must allege that the official acted as a result of

11   a policy, practice, or custom or that the official promulgated a policy, practice or custom

12   resulting in the violation.  See Cortez v. County of Los Angeles, 294 F.3d 1186, 1188 (9th

13   Cir. 2001).  Further, there is no *respondeat superior* liability under § 1983, so a defendant's

14   position as the supervisor of a someone who allegedly violated a plaintiff's constitutional

15   rights does not make him liable.  Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978);

16   Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  A supervisor in his individual capacity,

17   "is only liable for constitutional violations of his subordinates if the supervisor participated

18   in or directed the violations, or knew of the violations and failed to act to prevent them."

19   Taylor, 880 F.2d at 1045.

20                  Plaintiff has not alleged facts to support that his constitutional rights were violated

21   pursuant to a policy, practice, or custom promulgated or endorsed by any Defendant.  That

22   is, Plaintiff fails to allege facts to support that any Defendant enacted or enforced a policy,

23   custom, or practice that resulted in the denial of Plaintiff's constitutional rights.  Further,

24   Plaintiff has not alleged facts to support that any of the Defendants directly violated his

25   constitutional rights or that any Defendant was aware that Plaintiff's rights were being

26   violated but failed to act.  Plaintiff accordingly fails to state a constitutional claim against any

27   of the Defendants.

28   /      /      /

1       **C.**      **Violation of Religious Rights**

2       It appears that Plaintiff may be seeking to allege violation of his right to receive a

3 religious diet based on conduct occurring after the date of the settlement in CV 08-0679-

4 PHX-DGC.  Plaintiff may thus be attempting to allege a violation of his First Amendment

5 rights or violation under the Religious Land Use and Institutionalized Persons Act

6 (RLUIPA), 42 U.S.C. §§ 2000cc - 2000cc-5.  The First Amendment prohibits government

7 interference with the free exercise of religion.  U.S. Const. amend. I.  Nevertheless, free

8 exercise rights are "necessarily limited by the fact of incarceration, and may be curtailed in

9 order to achieve legitimate correctional goals or to maintain prison security."  O'Lone v.

10 Shabazz, 482 U.S. 342, 348 (1987).   To state a First Amendment free exercise violation, a

11 plaintiff must show that the religious practice at issue satisfies two criteria: (1) the "proffered

12 belief must be sincerely held" and (2) "the claim must be rooted in religious belief, not in

13 'purely secular' philosophical concerns."  Malik v. Brown, 16 F.3d 330, 333 (9th Cir. 1994)

14 (internal citations omitted); Shakur v. Schriro, 514 F.3d 878, 885 (9th Cir. 2008).  RLUIPA

15 prohibits the government from imposing a substantial burden on the religious exercise of a

16 confined person, unless the government establishes that the burden furthers a "compelling

17 governmental interest" and does so by "the least restrictive means."   42 U.S.C.

18 § 2000cc-1(a)(1)-(2).  "[A] 'substantial burden' on 'religious exercise' must impose a

19 significantly great restriction or onus upon such exercise."  Warsoldier v. Woodford, 418

20 F.3d 989, 995 (9th Cir. 2005) (quotations omitted).  An inmate's religious exercise is

21 substantially burdened "'where the state . . . denies [an important benefit] because of conduct

22 mandated by religious belief, thereby putting substantial pressure on an adherent to modify

23 his behavior and to violate his belief.'"  Id.

24       In his Complaint, Plaintiff makes only vague and conclusory assertions regarding

25 meals and the portions.  He fails to set forth specific facts regarding when, how, and by

26 whom any violation of the constitutional right to a religious diet has occurred or has

27 burdened his religious exercise.  Plaintiff therefore fails to state a claim for violation of his

28 First Amendment or RLUIPA rights.

## V.  Leave to Amend

For the foregoing reasons, Plaintiff's Complaint will be dismissed for failure to state a claim upon which relief may be granted.  Within 30 days, Plaintiff may submit a first amended complaint to cure the deficiencies outlined above.  The Clerk of Court will mail Plaintiff a court-approved form to use for filing a first amended complaint.  If Plaintiff fails to use the court-approved form, the Court may strike the amended complaint and dismiss this action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint."  The first amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint by reference.  Plaintiff may include only one claim per count.

A first amended complaint supersedes the original complaint.  Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992); Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990).  After amendment, the Court will treat an original complaint as nonexistent.  Ferdik, 963 F.2d at 1262.  Any cause of action that was raised in the original complaint is waived if it is not raised in a first amended complaint.  King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

## VI.  Warnings

### A.  Release

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release.  Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot.  Failure to comply may result in dismissal of this action.

### B.  Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

### C.     Copies

Plaintiff must submit an additional copy of every filing for use by the Court.  See LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### D.     Possible "Strike"

Because the Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file an amended complaint correcting the deficiencies identified in this Order, the dismissal will count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g). Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

### E.     Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  See Ferdik, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     Plaintiff's Application to Proceed *In Forma Pauperis*, filed with the Complaint, is **granted**.  (Doc.# 3.)

(2)     As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is not assessed an initial partial filing fee.

(3)     The Complaint (doc.# 1) is **dismissed** for failure to state a claim.  Plaintiff has **30 days** from the date this Order is filed to file a first amended complaint in compliance with this Order.

JDDL-K                                                          - 8 -

1    (4)    If Plaintiff fails to file an amended complaint within 30 days, the Clerk of

2    Court must, without further notice, enter a judgment of dismissal of this action with prejudice

3    that states that the dismissal counts as a "strike" under 28 U.S.C. § 1915(g).

4    (5)    The Clerk of Court must mail Plaintiff a court-approved form for filing a civil

5    rights complaint by a prisoner.

6    DATED this 29th day of April, 2009.

7

8

9    _____

10   David G. Campbell
     United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Instructions for a Prisoner Filing a Civil Rights Complaint
in the United States District Court for the District of Arizona**

1.  <u>Who May Use This Form</u>.  The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.  These complaints typically concern, but are not limited to, conditions of confinement.  **This form should not be used to challenge your conviction or sentence**.  If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.  If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2.  <u>The Form</u>.  **Local Rule of Civil Procedure (LRCiv) 3.4(a) provides that complaints by incarcerated persons must be filed on the court-approved form.**  The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable.  All questions must be answered clearly and concisely in the appropriate space on the form.  If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper.  You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.  You do not need to cite law.

3.  <u>Your Signature</u>.  You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

4.  <u>The Filing Fee</u>.  The filing fee for this action is $350.00.  If you are unable to immediately pay the filing fee, you may request leave to proceed *in forma pauperis*.  Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court *In Forma Pauperis* Pursuant to 28 U.S.C. § 1915" for additional instructions.

5.  <u>Original and Judge's Copy</u>.  You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.  You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.  Copies may be legibly handwritten.

6.  <u>Where to File</u>.  You should file your complaint in the division **where you were confined when your rights were allegedly violated**.  <u>See</u> LRCiv 5.1(a) and 77.1(a).  If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division.  If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division.  If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division.  **Mail the original and one copy of the complaint with the $350 filing fee or the application to proceed *in forma pauperis* to:**

| Phoenix & Prescott Divisions: | **OR** | Tucson Division: |
|---|---|---|
| U.S. District Court Clerk | | U.S. District Court Clerk |
| U.S. Courthouse, Suite 130 | | U.S. Courthouse, Suite 1500 |
| 401 West Washington Street, SPC 10 | | 405 West Congress Street |
| Phoenix, Arizona  85003-2119 | | Tucson, Arizona  85701-5010 |

7.  <u>Change of Address</u>.  You must immediately notify the Court and the defendants in writing of any change in your mailing address.  **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8.  <u>Certificate of Service</u>.  You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed *in forma pauperis*).  Each original document (except the initial complaint and application to proceed *in forma pauperis*) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed.  <u>See</u> Fed. R. Civ. P. 5(a), (d).  Any document received by the Court that does not include a certificate of service may be stricken.  A certificate of service should be in the following form:

> I hereby certify that a copy of the foregoing document was mailed
> this _____ (month, day, year) to:
> Name:  _____
> Address:_____
>        Attorney for Defendant(s)
> _____
> (Signature)

9.  <u>Amended Complaint</u>.  If you need to change any of the information in the initial complaint, you must file an amended complaint.  The amended complaint must be written on the court-approved civil rights complaint form.  You may file one amended complaint without leave (permission) of Court before any defendant has answered your original complaint.  <u>See</u> Fed. R. Civ. P. 15(a).  After any defendant has filed an answer, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint.  LRCiv 15.1.  In addition, an amended complaint may not incorporate by reference any part of your prior complaint.  LRCiv 15.1(a)(2).  **Any allegations or defendants not included in the amended complaint are considered dismissed**.  All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10.  <u>Exhibits</u>.  You should not submit exhibits with the complaint or amended complaint.  Instead, the relevant information should be paraphrased.  You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11.  <u>Letters and Motions</u>.  It is generally inappropriate to write a letter to any judge or the staff of any judge.  The only appropriate way to communicate with the Court is by filing a written pleading or motion.

12.  <u>Completing the Civil Rights Complaint Form</u>.

**HEADING:**

    1.  <u>Your Name</u>.  Print your name, prison or inmate number, and institutional mailing address on the lines provided.

    2.  <u>Defendants</u>.  If there are **four or fewer** defendants, print the name of each.  If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.  Insert the additional page after page 1 and number it "1-A" at the bottom.

    3.  <u>Jury Demand</u>.  If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."  Failure to do so may result in the loss of the right to a jury trial.  A jury trial is not available if you are seeking only injunctive relief.

**Part A.  JURISDICTION:**

    1.  <u>Nature of Suit</u>.  Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "<u>Bivens v. Six Unknown Federal Narcotics Agents</u>" for federal defendants; or "other."  If you mark "other," identify the source of that authority.

    2.  <u>Location</u>.  Identify the institution and city where the alleged violation of your rights occurred.

    3.  <u>Defendants</u>.  Print all of the requested information about each of the defendants in the spaces provided.  If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.  Insert the additional page(s) immediately behind page 2.

**Part B.  PREVIOUS LAWSUITS:**

    You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.  Print all of the requested information about each lawsuit in the spaces provided.  If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.  Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.  CAUSE OF ACTION:**

    You must identify what rights each defendant violated.  The form provides space to allege three separate counts (**one violation per count**).  If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page. Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.  Remember that you are limited to a total of fifteen additional pages.

3

1. <u>Counts</u>.  You must identify which civil right was violated.  **You may allege the violation of only one civil right per count**.

2. <u>Issue Involved</u>.  Check the box that most closely identifies the issue involved in your claim.  **You may check only one box per count**.  If you check the box marked "Other," you must identify the specific issue involved.

3. <u>Supporting Facts</u>.  After you have identified which civil right was violated, you must state the supporting facts.  Be as specific as possible.  You must state what each individual defendant did to violate your rights.  If there is more than one defendant, you must identify which defendant did what act.  You also should state the date(s) on which the act(s) occurred, if possible.

4. <u>Injury</u>.  State precisely how you were injured by the alleged violation of your rights.

5. <u>Administrative Remedies</u>.  You must exhaust any available administrative remedies before you file a civil rights complaint.  <u>See</u> 42 U.S.C. § 1997e.  Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.  If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.  REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint.  Failure to sign the complaint will delay the processing of your action.  Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.

**FINAL NOTE**

You should follow these instructions carefully.  Failure to do so may result in your complaint being stricken or dismissed.  All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____, )
(Full Name of Plaintiff)                       )
               Plaintiff,   )
                            )
          vs.          )   **CASE NO.** _____
                            )           (To be supplied by the Clerk)
(1) _____, )
(Full Name of Defendant)                   )
(2) _____, )
                            )   **CIVIL RIGHTS COMPLAINT**
(3) _____, )   **BY A PRISONER**
                            )
(4) _____, )   ☐ Original Complaint
           Defendant(s).   )   ☐ First Amended Complaint
☐ Check if there are additional Defendants and attach page 1-A listing them. )   ☐ Second Amended Complaint

## A. JURISDICTION

1.   This Court has jurisdiction over this action pursuant to:
        ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
        ☐ 28 U.S.C. § 1331; <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971).
        ☐ Other: _____.

2.   Institution/city where violation occurred: _____.

Revised 3/9/07                      1                               **550/555**

**B.  DEFENDANTS**

1.  Name of first Defendant: _____. The first Defendant is employed as:
   _____at_____.
   (Position and Title)                                    (Institution)

2.  Name of second Defendant: _____. The second Defendant is employed as:
   _____at_____.
   (Position and Title)                                    (Institution)

3.  Name of third Defendant: _____. The third Defendant is employed as:
   _____at_____.
   (Position and Title)                                    (Institution)

4.  Name of fourth Defendant: _____. The fourth Defendant is employed as:
   _____at_____.
   (Position and Title)                                    (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

**C.  PREVIOUS LAWSUITS**

1.  Have you filed any other lawsuits while you were a prisoner?      ☐ Yes      ☐ No

2.  If yes, how many lawsuits have you filed? _____.  Describe the previous lawsuits:

   a.  First prior lawsuit:
       1.  Parties: _____ v. _____
       2.  Court and case number: _____.
       3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
       _____.

   b.  Second prior lawsuit:
       1.  Parties: _____ v. _____
       2.  Court and case number: _____.
       3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
       _____.

   c.  Third prior lawsuit:
       1.  Parties: _____ v. _____
       2.  Court and case number: _____.
       3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
       _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

2

## D.  CAUSE OF ACTION

### COUNT I

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count I**.  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
☐ Basic necessities          ☐ Mail          ☐ Access to the court          ☐ Medical care
☐ Disciplinary proceedings   ☐ Property      ☐ Exercise of religion        ☐ Retaliation
☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count I.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies:**
a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                    ☐ Yes    ☐ No
b.   Did you submit a request for administrative relief on Count I?             ☐ Yes    ☐ No
c.   Did you appeal your request for relief on Count I to the highest level?    ☐ Yes    ☐ No
d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

## COUNT II

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count II.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
      ☐ Basic necessities          ☐ Mail           ☐ Access to the court       ☐ Medical care
      ☐ Disciplinary proceedings   ☐ Property       ☐ Exercise of religion      ☐ Retaliation
      ☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____.

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count II.  Describe exactly what
**each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without
citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).
_____
_____
_____.

5.   **Administrative Remedies.**
      a.   Are there any administrative remedies (grievance procedures or administrative appeals) available
           at your institution?                                                  ☐ Yes      ☐ No
      b.   Did you submit a request for administrative relief on Count II?        ☐ Yes      ☐ No
      c.   Did you appeal your request for relief on Count II to the highest level?  ☐ Yes   ☐ No
      d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why
           you did not. _____
           _____.

**COUNT III**

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count III.** Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
  ☐ Basic necessities          ☐ Mail          ☐ Access to the court          ☐ Medical care
  ☐ Disciplinary proceedings   ☐ Property      ☐ Exercise of religion         ☐ Retaliation
  ☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____.

3.   **Supporting Facts.** State as briefly as possible the FACTS supporting Count III.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.** State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies.**
  a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                  ☐ Yes    ☐ No
  b.   Did you submit a request for administrative relief on Count III?     ☐ Yes    ☐ No
  c.   Did you appeal your request for relief on Count III to the highest level?  ☐ Yes    ☐ No
  d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

5

## E.  REQUEST FOR RELIEF

State the relief you are seeking:

_____

_____

_____

_____

_____

_____

_____.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____          _____
                                    DATE                                            SIGNATURE OF PLAINTIFF



_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)



_____
(Signature of attorney, if any)

_____

_____

_____
(Attorney's address & telephone number)


## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.